[No. 59092-8-I.   Division One.   May 5, 2008.]

*In the Matter of the Marriage of* CLAUDIA MAUREEN TRESELER, *Respondent*, and MICHAEL AUSTIN TREADWELL, *Appellant*.

*Chris R. Youtz* and *Eleanor Hamburger* (of *Sirianni Youtz Meier & Spoonemore*), for appellant.

*John G. Bergmann* (of *Helsell Fetterman, LLP*), for respondent.

*Michele L. Earl-Hubbard* and *Greg Overstreet* on behalf of Allied Daily Newspapers of Washington, Washington Newspaper Publishers Association, and Washington Coalition for Open Government, amici curiae.

*Ellen C. Dial, Jonathan M. Weiss, Jean A. Cotton,* and *Rachel L. Felbeck* on behalf of Washington State Bar Association Family Law Section, amicus curiae.

¶1 Cox, J. — Documents that are filed with a court are presumptively open to public access unless there are compelling reasons for sealing or redacting them.[1] Such reasons may be found by the proponent of closure satisfying

---

[1] *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 535, 114 P.3d 1182 (2005).

the standards set forth in *Seattle Times Co. v. Ishikawa.*[2] Because Michael Treadwell fails in his burden to show that the trial court abused its discretion in declining to seal or redact the documents at issue in this case, we affirm.

¶2 In May 2004, Claudia Treseler petitioned in Washington for dissolution of her marriage to Michael Treadwell. Later that month, she amended her petition and also obtained at least two temporary restraining and show cause orders against Treadwell.[3] Both orders in the record adopt as their findings particular paragraphs from Treseler's motions for and declaration in support of the restraining orders. The orders also restrain Treadwell from molesting or disturbing the peace of Treseler and further restrain both parties from transferring or otherwise dealing with property other than in the normal course.

¶3 In July, Treadwell moved to dismiss the dissolution proceeding on the ground that a divorce proceeding between these parties was pending in Texas and that venue of a dissolution proceeding in Washington was not proper in King County. In response, Treseler's counsel filed a statement dated August 31 in which she addressed the issue of personal jurisdiction by making certain statements about Treadwell's business activities in Washington.

¶4 Thereafter, in an agreed order dated September 2, 2004, the parties agreed to the dismissal with prejudice of the dissolution proceeding. A superior court judge entered the order on that date.

¶5 Two years later, Treadwell moved for an order to show cause why certain documents filed in the dissolution proceeding should not be redacted and sealed. Treseler filed a response. A superior court judge denied the motion to seal or redact. The court also denied Treadwell's motion for reconsideration.

---

[2] 97 Wn.2d 30, 640 P.2d 716 (1982); *see also Dreiling v. Jain*, 151 Wn.2d 900, 93 P.3d 861 (2004) (extending the use of the *Ishikawa* factors to civil proceedings).

[3] The only restraining and show cause orders in the record before us are those entered on May 17 and 26, 2004. Clerk's Papers at 101-03, 110-13.

¶6  He appeals both orders.[4]

## SEALING OR REDACTING DOCUMENTS

¶7  Treadwell argues that the trial court abused its discretion in denying the motion to seal or redact. He claims a showing of good cause is all that is required to seal allegedly irrelevant documents filed in court. He also claims the same showing should apply where filed documents are not used by the court to make a decision. Finally, he argues that the trial court should have entered findings and conclusions to support the denial of his motion. We disagree with all of these arguments.

■■ ¶8  Documents filed with the court will presumptively be open to the public unless compelling reasons for closure exist consistent with the standards set forth in *Ishikawa*.[5] Our supreme court has set forth five factors that a trial court should consider in deciding whether to seal court records (the *Ishikawa* factors):

1. The proponent of closure and/or sealing must make some showing of the need therefor. . . .

. . . If closure and/or sealing is sought to further any right or interest besides the defendant's right to a fair trial [in a criminal case], a "serious and imminent threat to some other important interest" must be shown.

. . . .

2. "Anyone present when the closure [and/or sealing] motion is made must be given an opportunity to object to the [suggested restriction]".

. . . .

---

[4] On appeal, Treseler filed a brief in which she states that "she does not object to the relief [Treadwell] seeks on appeal." But she also states that she does not concede that the declarations filed below by her or on her behalf are inaccurate in any way. Brief of Respondent at 1. Amici Washington State Bar Association Family Law Section, Allied Daily Newspapers of Washington, Washington Newspaper Publishers Association, and the Washington Coalition for Open Government have also filed briefs in response to this court's request.

[5] *Rufer*, 154 Wn.2d at 535.

3. The court, the proponents and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive means available and effective in protecting the interests threatened. . . .

4. "The court must weigh the competing interests of the defendant and the public" and consider the alternative methods suggested. . . .

5. "The order must be no broader in its application or duration than necessary to serve its purpose . . . ."[6]

These factors apply to both criminal and civil cases.[7]

¶9 "In determining whether court records may be sealed from public disclosure, we start with the presumption of openness."[8] The Washington State constitution requires that "[j]ustice in all cases shall be administered openly . . . ."[9] Despite the presumption of openness, however, court records may be sealed " 'to protect other significant and fundamental rights.' "[10] The party seeking to seal records has the burden to overcome the presumption of openness unless a criminal defendant's right to a fair trial is implicated.[11]

■ ■ ¶10 The legal standard for sealing or unsealing records is an issue of law we review de novo.[12] We review a trial court's decision on a motion to seal records for an abuse of discretion, but if the trial court applied an incorrect legal rule, we remand for application of the correct rule.[13]

---

[6] *Ishikawa*, 97 Wn.2d at 37-39 (some alterations in original) (citation omitted) (quoting *Federated Publ'ns, Inc. v. Kurtz*, 94 Wn.2d 51, 62-64, 615 P.2d 440 (1980)).

[7] *Dreiling*, 151 Wn.2d at 907.

[8] *Rufer*, 154 Wn.2d at 540.

[9] WASH. CONST. art. I, § 10.

[10] *Rufer*, 154 Wn.2d at 540 (quoting *Dreiling*, 151 Wn.2d at 909).

[11] *Ishikawa*, 97 Wn.2d at 37.

[12] *Rufer*, 154 Wn.2d at 540.

[13] *Id.*

## *Good Cause*

¶11 Treadwell first argues that we should apply a "good cause" standard to his motion to seal records in this case because either the documents allegedly contain irrelevant material or the court did not use them in making any decisions. Because a compelling interest standard, not a good cause standard, applies to documents filed with the trial court in support of any motion, we reject this argument, which directly conflicts with the rule set out in *Rufer v. Abbott Laboratories.*[14]

¶12 In *Rufer*, the supreme court majority held that trial courts must apply the *Ishikawa* factors to requests to seal **"any records that were filed with the court in anticipation of a court decision (dispositive or not)"** and seal such records only when a compelling interest overrides the public's right to the open administration of justice.[15] The court also reiterated that discovery documents that were neither used at trial nor filed as an attachment or exhibit to any motion may be sealed merely for good cause.[16]

¶13 Here, it is undisputed that all the documents at issue were filed with the superior court during the pendency of the dissolution proceeding. We also conclude that it is beyond dispute that the documents were all filed in anticipation of a court decision, whether or not such decisions were dispositive. Finally, we note that Treadwell does not argue that any of the documents at issue in this appeal are discovery documents of the type that potentially would be subject to sealing or redaction on a showing of "good cause" under the relevant Civil Rules for Superior Court. Thus, the question is whether Treadwell has met his

---

[14] 154 Wn.2d 530, 114 P.3d 1182 (2005).

[15] *Id.* at 549 (emphasis added); *see also id.* at 535 ("We hold that **documents filed with the court** will presumptively be open to the public unless compelling reasons for closure exist consistent with [*Ishikawa*]." (emphasis added)).

[16] *Id.* at 550.

burden to overcome the presumption of openness that *Rufer* dictates as the starting point for analysis.

¶14 Treadwell asks us to apply the *Rufer* court's reasoning and adopt a good cause standard for documents that were never part of a trial court's determination, similar to unused discovery documents. We decline that invitation.

¶15 First, this argument is inconsistent with the presumption of openness by filing and the compelling interest standard that *Rufer* sets as the standard. It also would be impractical in many cases, requiring speculation about whether a trial court used all, a part of, or none of any filed document that a proponent of closure seeks to have sealed. In any event, we know from this case that the trial court did consider some of the documents that Treadwell sought to have sealed in making its rulings. For example, the court commissioner who entered the show cause orders expressly incorporated into her findings material from the declaration supporting the request for the order.[17]

¶16 Second, we believe the more applicable reasoning from *Rufer* to apply here is in that court's discussion of nondispositive motions. There, the court recognized that everything that passes before a trial court is relevant to the fairness of the fact-finding process, even if a document is later deemed inadmissible at trial or unsupportive of a viable claim.[18] *Rufer* did not hold that only documents that a trial court considered in rendering a decision are subject to the *Ishikawa* test. Rather, the court held that any document filed in "anticipation of a court decision," whether or not dispositive of the entire case, triggers the public's right of access and requires a compelling interest to seal.[19]

¶17 Treadwell argues that the concurring opinion in *Rufer* supports his view that a good cause standard should

---

[17] Clerk's Papers at 102, 111.

[18] *Rufer*, 154 Wn.2d at 542; *see also id.* at 546 n.11 (limiting *Dreiling* and *Ishikawa* to their specific facts "would undermine the constitutional principle of openness").

[19] *Id.* at 549.

apply to irrelevant documents, and that the majority in that case did not reach the issue of whether documents irrelevant to the motion to which they were attached should be governed by the *Ishikawa* test. In actuality, the minority opinion in *Rufer* concurred in part and dissented in part.[20] On the issue of whether courts should apply a different standard to irrelevant documents, the opinion was clearly in dissent from the majority.

¶18 The majority concluded that trial courts should take relevance into account in applying the *Ishikawa* test, but not in determining which test applies.[21] The majority recognized that there is a potential for a party to embarrass or harass another by attaching irrelevant, confidential documents to motions. But it, nevertheless, concluded that courts should not presume that attorneys act in bad faith, and the civil rules provide remedies for abusing the discovery or pleading processes.[22] Finally, the court recognized that the *Ishikawa* factors themselves allow the trial court to take into account the level of confidentiality and relevancy of a document in balancing the competing interests involved.[23] Thus, courts must presume documents filed in conjunction with a motion are open to the public and leave the assessment of their relevance to the application of the *Ishikawa* factors.

¶19 As amicus curiae, the Washington State Bar Association Family Law Section argues that a good cause standard should apply in all family law cases for purposes of sealing or redacting documents. For the reasons we have already discussed and because this case does not warrant

---

[20] *Id.* at 553 (Madsen, J., concurring in part and dissenting in part).

[21] *Id.* at 547-48; *see also id.* at 559 (Madsen, J., concurring in part and dissenting in part) (noting the view that the poor logic in the majority's requirement that a compelling interest exist even when there is little or no interest of a party attaching an irrelevant document to support a motion).

[22] *Id.* at 547.

[23] *Id.* at 547-48.

our consideration of such a large step in light of *Rufer*, we reject the argument.[24]

*Ishikawa* Test

¶20 Treadwell next argues that the trial court abused its discretion in declining to seal portions of the record under the *Ishikawa* compelling interest test. We disagree.

¶21 The *Ishikawa* factors require a trial court to analyze (1) whether the proponent of sealing has established a " 'serious and imminent threat to some . . . important interest' "; (2) whether everyone present was given the opportunity to object to sealing; (3) whether the requested sealing or redaction is the least restrictive means available to effectively protect the threatened interest; (4) the weight of the competing interests of the defendant, the public, and alternative means suggested; and (5) the scope of the order to ensure that it is no broader in scope or duration than necessary.[25]

¶22 The fifth factor is not relevant to the analysis in this case because there was no sealing order. It is undisputed that Treseler had an opportunity to respond to the motion, satisfying the second factor. This left the trial court with the task of weighing the competing interests involved and determining whether the requested sealing was the least restrictive means to protect Treadwell's interests.

¶23 As to the first factor, the trial court concluded that Treadwell did not identify a compelling interest generally. That conclusion was not manifestly unreasonable. Although Treadwell claims that the allegations of financial impropriety harmed his business interests, it was not untenable for the trial court to conclude that this reason

---

[24] We note that the supreme court has adopted General Rules 15 and 22 governing the procedures for sealing and redacting filed documents. A blanket standard of good cause for categories of cases conflicts with the standards set forth in those rules.

[25] *Ishikawa*, 97 Wn.2d at 37-39.

was not sufficiently compelling to overcome the public's compelling interest in the open administration of justice.

¶24 Treadwell argues that all of the documents he moved to redact are irrelevant to the motions they were filed to support. In applying the *Ishikawa* factors, the trial court was required to consider the relevance of the documents in question because under the fourth factor, a party has little or no valid interest in attaching a confidential, irrelevant document to a motion.[26] We have no reason to think the trial court failed to do so. The relevance of each document will be addressed below.

¶25 Turning to the specific documents at issue, Treadwell moved to have sealed portions of several documents that have not been made part of the record on appeal. Those documents include a motion for order to show cause, a memorandum of law, a third temporary restraining order, a motion and declaration to serve by mail, a declaration of attempted service, and an order continuing a temporary restraining order.[27] Because these documents are not part of the record on appeal, we reject Treadwell's arguments as to these documents.[28]

¶26 We turn our attention to the documents contained in the appellate record that Treadwell addresses on appeal.

¶27 First, Treadwell moved to seal portions of Treseler's petition and amended petition for dissolution. The statements he moved to redact are assertions, without explanation, that Treadwell should be responsible for certain credit card debts, in the names of Treseler and her mother, upon a court's division of the marital property.[29] The trial court did not abuse its discretion in denying the motion to redact

---

[26] *Rufer*, 154 Wn.2d at 547-48.

[27] *See* Clerk's Papers at 58-59, 74-75 (listing the documents Treadwell moved to seal or redact).

[28] *See State v. Meas*, 118 Wn. App. 297, 303 n.6, 75 P.3d 998 (2003) (Appellate courts do not consider matters argued in briefs that are not included in the record.).

[29] Clerk's Papers at 4-5, 8-9.

these statements. The complaint is presumptively open to the public. More importantly, these allegations were relevant to the relief Treseler sought in the dissolution proceeding. Moreover, Treadwell does not make a convincing argument that such assertions harm his interests.

¶28 Next, Treadwell sought to redact a declaration in support of Treseler's ex parte motion for a temporary restraining order, as well as portions of the restraining orders themselves. Treadwell appears to argue that the declaration was irrelevant to the motions because it was unnecessary to obtaining the relief she sought. But Treadwell cites no authority to support such a contention, and we are unaware of the existence of any such authority. Significantly, his argument fails to acknowledge the fact that the court commissioner explicitly incorporated portions of Treseler's declaration as findings in the restraining orders.[30] Thus, we can be confident that the commissioner not only considered the declaration in deciding the motion but also specifically considered the information to be relevant to the restraining orders. The trial court, therefore, did not abuse its discretion in concluding that the balancing tipped against sealing these particular records.

¶29 Finally, Treadwell moved to seal Treseler's response to his motion to dismiss the case that was allegedly based on improper venue. Treseler's response to the motion contained several exhibits.[31] In that response, Treseler agreed that venue was not proper in King County. But she maintained that Washington had personal jurisdiction over Treadwell based on his contacts in this state and that venue was proper in Snohomish County. Despite this, Treseler stated that she was willing to allow the matter to proceed in Texas if Treadwell would agree to a dismissal without prejudice with each party bearing its own costs and fees, to which he had not yet agreed. The record does not reflect

---

[30] *See* Clerk's Papers at 102, 111.

[31] Clerk's Papers at 114-33.

why she eventually agreed to dismiss the King County proceeding.

¶30 The trial court likewise did not abuse its discretion in denying the motion to seal this document. Treadwell argues that Treseler's opposition to his motion to dismiss for improper venue was irrelevant because she conceded that venue was improper. In fact, Treadwell's declaration appears to challenge Washington's personal jurisdiction over him. But his memorandum of law supporting his motion to dismiss was not made part of the record on appeal, and the motion to dismiss itself does not state the grounds for the motion. Treseler responded by describing Treadwell's business contacts in the state of Washington. Again, these statements are arguably relevant to the motion then pending before the court. And in the absence of a compelling interest on the part of Treadwell, the balance again tips against sealing the declaration.

*Written Findings and Conclusions*

¶31 Treadwell argues that the trial court erred in failing to enter written findings and conclusions on each of the *Ishikawa* factors. We disagree.

¶32 Although none of the briefing before us mentions the point, CR 52(a)(5) appears to be dispositive of whether findings and conclusions are required in the denial of the motion to seal or redact. That rule states in relevant part:

Findings of fact and conclusions of law are not necessary: . . . [o]n decisions of motions under rules 12 or 56 or any other motion, except as provided in rules 41(b)(3) and 55(b)(2).[32]

¶33 Treadwell fails to cite any authority to show that the decision on his motion qualifies under any of the exceptions stated above. For that reason alone, we find his argument largely unpersuasive.

¶34 Most of the Washington cases involving the sealing of records involved an appellate court's review of a trial

---

[32] CR 52(a)(5)(B).

court's order *sealing* particular records. Here, to the contrary, the court denied the motion to seal or redact.

¶35 *Rufer*, in which the supreme court reviewed an order to *open* previously sealed records, is factually similar to this case to the extent that review involved an order to deny a motion to seal rather than an order to seal records. After recognizing the distinction, the court in *Rufer* noted, "While the *Ishikawa* factors are used by trial courts to balance all competing fundamental interests, review of a trial court's use of those factors would be most apt *when the trial court ordered that one or more records be sealed*."[33]

¶36 Thus, articulating findings on each of the five *Ishikawa* factors is required before a trial court may seal portions of a trial court record.[34] But Treadwell has cited no Washington case in which a trial court was required to enter written findings when denying a motion to seal.

¶37 Treadwell cites a federal case, *Pintos v. Pacific Creditors Ass'n*,[35] to support his argument that written findings were required. That case does not control the outcome of this one under Washington state law. Moreover, unlike in *Pintos*, the trial judge in this case specifically applied GR 15 and relevant Washington law and made a reasoned determination that Treadwell had not overcome the presumption of openness.

¶38 The trial court did not commit error by deciding the motion without also entering findings and conclusions.

¶39 Treadwell also appealed the order denying reconsideration of the denial of his motion but does not offer any separate analysis in support of reversing that order. Because there is no showing that the court abused its

---

[33] 154 Wn.2d at 544 n.8 (emphasis added).

[34] *Ishikawa*, 97 Wn.2d at 38; *see also* GR 15(c)(2) (court may seal record only after entering the appropriate written findings); GR 15(e) (written findings not explicitly required for unsealing previously sealed records).

[35] 504 F.3d 792 (9th Cir. 2007).

discretion in denying the motion for reconsideration,[36] we decline to overturn that order.

¶40 We affirm the orders on appeal.

AGID and ELLINGTON, JJ., concur.

Review denied at 165 Wn.2d 1026 (2009).

---

[36] *See Meridian Minerals Co. v. King County*, 61 Wn. App. 195, 203, 810 P.2d 31 (1991) (we review a trial court's ruling on a motion to reconsider for an abuse of discretion).