234 P.3d 236 (2010)
156 Wash.App. 293
Rondi BENNETT, an individual, and Gerald Horrobin, an individual, Plaintiffs,
D. Edson Clark, Appellant,
v.
SMITH BUNDAY BERMAN BRITTON, PS, a Washington professional services corporation, and Sharon Robertson, individually and her marital community, Respondents.
No. 62824-1-I.
Court of Appeals of Washington, Division 1.
May 24, 2010.
Reconsideration Denied July 6, 2010.
*237 Rondi Bennett, Bellevue, WA, pro se.
Barbara L. Schmidt, Mary C. Eklund, Catherine Wright Smith, Edwards Sieh Smith & Goodfriend PS, Seattle, WA, for Respondents.
Michele Lynn Earl-Hubbard, Christopher Roslaniec, David M. Norman, Allied Law Group LLC, Seattle, WA, for Appellant Intervenor.
Katherine George, Harrison Benis & Spence LLP, Seattle, WA, for Amicus Curiae on behalf of Allied Daily Newspapers.
Kathleen Dell Benedict, Freimund Jackson Tardif & Benedict Garra, Olympia, WA, for Amicus Curiae on behalf of Wash. Society of Cert. Public Accountants.
Gerald Horrobin, Kirkland, WA, pro se.
Michael T. Callan, Peterson Russell Kelly PLLC, Bellevue, WA, for Other Parties.
BECKER, J.
¶ 1 This accounting malpractice case settled before the trial court began to consider a pending motion for summary judgment and the sealed documents filed in support of it. Discovery documents that are initially designated as confidential pursuant to a protective order may be filed with the court under seal in connection with an anticipated decision by the court. To the extent they enter into the court's decision-making process in making any ruling, the documents must be unsealed unless the proponent of secrecy can show a compelling interest justifying nondisclosure. Under the particular circumstances presented here, where the court did not read or decide the motion and did not consider the sealed documents for any purpose, the documents did not become part of the court's performance that the public has a constitutional right to scrutinize. Accordingly, the court did not need to find a compelling interest to justify allowing them to remain sealed.
¶ 2 The underlying action began in October 2007 when Rondi Bennett and her father, Gerald Horrobin, filed an accounting malpractice lawsuit against their former accounting firm, Smith Bunday Berman Britton, P.S. They complained that Smith Bunday had assisted Todd Bennett, the former husband of Rondi Bennett, in defrauding companies the Bennetts and Horrobin once owned together. Sharon Robertson, the accountant at Smith Bunday who handled their businesses, was also named as a defendant. We will refer to the defendants collectively as Smith Bunday.
¶ 3 The plaintiffs requested production of documents, including some that contained tax information concerning Todd Bennett and other nonparties. Smith Bunday objected that such information could not legally be disclosed without the consent of the nonparties. The parties resolved the dispute by stipulating, in early December 2007, to entry of a protective order under CR 26(c) allowing any party to designate as "confidential" any document containing confidential or proprietary information produced in discovery. The protective order required a party filing such a document with the court to file it under seal.
*238 ¶ 4 The court dismissed plaintiff Rondi Bennett's claims in August 2008 in response to Smith Bunday's motion for judgment on the pleadings. In October 2008, Smith Bunday moved for summary judgment dismissal of the remaining claims of plaintiff Gerald Horrobin. Horrobin identified accountant Ed Clark, intervenor and appellant herein, as an expert witness.
¶ 5 Horrobin filed a motion for an order removing certain documents from the protective order so that he could submit them in response to Smith Bunday's motion for summary judgment. Smith Bunday opposed the motion. Horrobin replied that Smith Bunday had failed to identify any compelling reason why the documents should be filed under seal. On November 10, 2008, superior court judge James Rogers issued an order deferring his ruling on the motion to remove the documents until he had received the specified documents.[1]
¶ 6 Friday, November 14, 2008, was Horrobin's deadline to respond to the summary judgment motion. As of that morning, Horrobin had still not filed his response or Clark's declaration with the court. Throughout the day, the parties negotiated. By 4:27 p.m. they had reached a settlement and signed an agreement. Part of the agreement was that Smith Bunday's motion for summary judgment would be stricken from the calendar. But at 3:18 p.m., Horrobin had already completed the electronic filing of his response to the motion, including Clark's declaration. Attached to Clark's declaration were some of the confidential documents attached to Horrobin's earlier motion to remove. Horrobin thought he had filed them under seal, but he apparently neglected to do so. Several more documents were later filed with the court as additional attachments to Clark's declaration; these were filed under seal.[2]
¶ 7 On Monday, November 17, 2008, Smith Bunday informed the court that the case had been settled and the motion for summary judgment withdrawn. A question then arose concerning the confidential documents that Horrobin filed without placing them under seal. Smith Bunday and Horrobin agreed by stipulation dated November 24, 2008, to ask the court to order the confidential documents, Clark's declaration, and Horrobin's brief to be filed under seal and to replace the original versions in the public court file with redacted versions.
¶ 8 Clark was not a party to this agreement. He moved to intervene for the purpose of moving to unseal court records. Clark took the position that all the documents filed with the court, sealed or not, should be open to public inspection unless the court held a hearing and found a compelling interest to justify sealing. Clark's motion to unseal, filed on November 25, 2008, specifically designated the documents filed under seal in conjunction with the summary judgment motion, as well as the documents filed with Horrobin's motion to remove. He also designated certain documents that had been filed with the court under seal on May 27, 2008, as exhibits to a declaration by Horrobin's counsel Wright Noel in connection with a discovery dispute. Clark asserted that because all of these initially private documents had been filed with the court in anticipation of a court decision, they could not be sealed from public view unless Smith Bunday, as the party advocating secrecy, showed that sealing was justified under Seattle Times Co. v. Ishikawa, 97 Wash.2d 30, 640 P.2d 716 (1982).
¶ 9 The analytical approach of Ishikawa includes five basic factors:
1. The proponent of closure or sealing must make some showing of the need therefor.
2. Anyone present when the closure or sealing motion is made must be given an opportunity to object to the suggested restriction.
3. The court, the proponents, and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive *239 means available and effective in protecting the interest threatened.
4. The court must weigh the competing interests of the parties and the public.
5. The order must be no broader in its application or duration than necessary to serve its purpose.
Ishikawa, 97 Wash.2d at 37-39, 640 P.2d 716. The Ishikawa factors, first set forth as a guide to ensuring the constitutional right of public access to court hearings, are now applied not only to the closure of courtrooms but also to the sealing of documents filed with a court. Rufer v. Abbott Laboratories, 154 Wash.2d 530, 544 n. 7, 114 P.3d 1182 (2005); Dreiling v. Jain, 151 Wash.2d 900, 914, 93 P.3d 861 (2004).
¶ 10 The question in this case is whether the Ishikawa factors apply to documents filed with a court under seal if the documents do not in some way become part of the court's decision-making process. Clark argued below that the Ishikawa criteria have to be met for each sealed document whether or not the records are ultimately reviewed by a court or relied upon in connection with any motion, citing this court's recent decision in In re Marriage of Treseler & Treadwell, 145 Wash.App. 278, 187 P.3d 773 (2008), review denied, 165 Wash.2d 1026, 203 P.3d 381 (2009).[3] He asserted that none of the records designated in his motion should have been sealed because there had not been, as required by Ishikawa and Rufer, a sufficient sealing motion, notice and opportunity for opponents of sealing to be heard, and findings articulating the less restrictive alternatives that were considered and identifying the competing interests that were weighed. Smith Bunday responded that all the sealed documents should remain sealed because they were confidential accounting and federal tax documents of nonparties who had not consented to disclosure, and their privacy interest in tax information outweighed Clark's interest as a member of the public in gaining access to the information. In addition, Smith Bunday argued that the record supported a finding that all Ishikawa factors had been satisfied.[4]
¶ 11 On December 5, 2008, the trial court granted Clark a limited right to intervene but at the same time denied his motion to unseal records.[5] The court approved the parties' November 24 stipulation, thereby sealing those portions of the summary judgment documents that should have been filed under seal pursuant to the provisions of the protective order and leaving redacted versions in the public file.[6]
¶ 12 In rejecting Clark's motion to unseal, the court did not apply Ishikawa and did not find a compelling interest. The court explained that although the documents had been filed with the court in anticipation of the court hearing on the summary judgment motion, the constitutionally mandated presumption of public access did not arise because the documents did not become part of the court's decision-making process:
The Court reviewed all pleadings in the matter. As a matter of procedure, the Court had not previously received the 24 November stipulation of the parties which was referenced in briefing. Mr. Noel has now sent that to the Court and it has been filed. In addition, while the parties may have meant to file responsive documents dated 14 November 2008 under seal, none of the contested documents related to defendant and nonparties income tax information were in fact filed under seal by plaintiffs, a fact apparently unknown to any in this case including Mr. Clark. This Court operated under the impression that *240 they were filed under seal as required by earlier Court Order.
To address the Motions, the first concerns a request to intervene. Any member of the public may move to unseal a document in a court of this State in any case. To that extent, the limited right to intervene is GRANTED.
Intervention for all purposes is a larger request, which would require notice and opportunity to be heard in every matter that may come before the Court in this matter. Therefore, the Motion to Intervene in this cause number for all purposes is Denied.
The second Motion is to unseal certain documents. Mr. Clark, who filed documents as an expert in this case, now makes the somewhat unusual request to unseal documents he himself used as an expert, allegedly for use in his personal litigation.1 His reason or motive is not relevant. The question involves one of a constitutional right available to any citizen where the openness of justice is involved. The documents sealed here involve income tax information of persons and corporations.
The analysis here hinges on the fact that this Court did not review or consider the summary judgment papers or supporting documents involved, made no decision based upon these decisions [sic]. Also, the parties settled the very day of the filing of the documents seeking to be unsealed. In Rufer v. Abbott Laboratories, 154 Wash.2d 530, 549 [114 P.3d 1182] (2005) our Supreme Court stated: "In Dreiling, we noted that article I, section 10 `does not speak' to the disclosure of information surfacing during pretrial discovery that does not otherwise come before the court because it `does not become part of the court's decision-making process.'" Id. at 541 [114 P.3d 1182]. While Rufer further articulates factors to be followed in a variety of situations, there is no public interest involved where this Court has made no decision and has never even considered the documents (the documents are of a sensitive nature and might be sealed in any case, but the Court does not reach that issue).
Therefore, the Court rules as follows:
The summary judgment documents filed under seal, specifically, referring to the tax returns of the parties and witnesses are ORDERED SEALED as earlier filed by the parties and the Motion to Unseal is DENIED.
The Clerk shall SEAL the entire document in Docket numbers # 153, 154 and 159. By prior stipulation, this Court is causing to be filed substitute documents for 153 and 154, so those documents will remain in the record with certain redactions.
1 Clark is correct in claiming that the burden should be on the party seeking to seal, but Rufer allows the procedure followed in this case. See Rufer, 154 Wash.2d at 550 [114 P.3d 1182].[7]
¶ 13 Clark appeals. Arguing that all sealings were improper, he assigns error to the above order and related orders entered by the court on December 5, 2008.
¶ 14 On appeal, a trial court's decision to seal or unseal records is reviewed for abuse of discretion, but the determination of the legal standard to be used for sealing or unsealing records is a question of law that is reviewed de novo. Rufer, 154 Wash.2d at 540, 114 P.3d 1182. The good cause standard applies to the raw fruits of discovery that have not become part of the court's decision-making process. Rufer, 154 Wash.2d at 541, 114 P.3d 1182. Otherwise, the compelling interest standard applies and the court must proceed under Ishikawa. Rufer, 154 Wash.2d at 549-50, 114 P.3d 1182. If the trial court uses the wrong standard when making a decision to seal or unseal, the remedy is to remand for application of the correct standard. Rufer, 154 Wash.2d at 540, 114 P.3d 1182.
¶ 15 Smith Bunday contends that the rationale articulated by Judge Rogers shows that he denied Clark's motion to unseal after applying *241 the Ishikawa factors. This is manifestly incorrect. Judge Rogers did not apply the Ishikawa factors. Judge Rogers believed that since he had not read the documents, he did not need to determine whether the privacy of tax information was a compelling interest. As he interpreted Rufer, the public does not have a constitutionally recognized interest in viewing discovery documents that do not become part of the court's decision-making process.
¶ 16 Clark contends Judge Rogers used the wrong standard in that he should have proceeded under Ishikawa and should have reviewed the documents and unsealed them absent identification of a compelling interest justifying the sealing. Clark's argument raises a question of law which we review de novo.
¶ 17 Clark's motion to unseal was primarily concerned with the sealed documents that were filed with the court in connection with Smith Bunday's motion for summary judgment, including his own declaration, the documents supporting it, and the exhibits to Horrobin's motion to remove. Clark maintains that once a document is filed with the court in anticipation of a decision, under Rufer it becomes presumptively open for public inspection whether or not a judge actually makes a decision or considers it. Accordingly, Clark contends the December 5 orders must be reversed and the motion to unseal must be determined under Ishikawa.
¶ 18 Does the public have a constitutional right of access to sealed documents that were filed with the court in anticipation of a decision when the court does not read the documents and does not make the anticipated decision? Following Rufer, we conclude the answer is no because such documents have not become part of the court's decision-making process.
¶ 19 It is true that some language in Rufer lends support to Clark's argument. The court summarizes its holding in the second paragraph: "[D]ocuments filed with the court will presumptively be open to the public." Rufer, 154 Wash.2d at 535, 114 P.3d 1182 (emphasis added). Later: "We hold that any records that were filed with the court in anticipation of a court decision (dispositive or not) should be sealed or continue to be sealed only when the court determinespursuant to Ishikawathat there is a compelling interest which overrides the public's right to the open administration of justice." Rufer, 154 Wash.2d at 549, 114 P.3d 1182. And further: "[W]e hold in this case that all documents filed with the trial court are open absent compelling interests to the contrary." Rufer, 154 Wash.2d at 550, 114 P.3d 1182.
¶ 20 But a full examination of Rufer demonstrates that Judge Rogers correctly understood its holding. In Rufer, defendant Abbott Laboratories obtained a pretrial order protecting proprietary information produced during discovery. After the verdict, Abbott moved to maintain confidentiality of one trial exhibit, several pretrial and deposition exhibits, and selected portions of deposition testimony. The other parties requested that the confidentiality order be dissolved and all sealed court records be unsealed, including the depositions of witnesses who testified at the trial. The trial court found that Abbott had not made a showing of a compelling interest as to any of the material. The trial court ordered that all exhibits, briefs, and memoranda filed with the court be made available for public inspection, including the depositions not used at trial. Rufer, 154 Wash.2d at 538, 114 P.3d 1182.
¶ 21 All parties appealed. This court reversed, holding that the "compelling interest" standard applies only to dispositive motions, while sealed discovery documents attached to nondispositive motions require only good cause to maintain their confidentiality. We ordered a remand for the trial court to evaluate the plaintiffs' unsealing request in light of that distinction. We also ordered the trial court to grant Abbott's motion to seal the depositions that were not used at trial. See Rufer, 154 Wash.2d at 544-45, 114 P.3d 1182, describing the Court of Appeals' decision in Rufer. The Rufers petitioned for review.
¶ 22 In the Supreme Court, the Rufers continued to argue that the trial court decision was correctwith one exception. They conceded that to the extent depositions taken during discovery were never used at trial, *242 they could properly remain sealed even if, having been published, they were technically available for use at trial:
With respect to depositions, initially the Rufers opposed the motion to seal any depositions of witnesses who testified at trial. However, they have since conceded in their briefing and oral argument before this court that depositions which were never used at trial (for impeachment or as substantive evidence) may properly remain sealed for good cause shown. They stress, however, that any depositions or deposition excerpts "which were submitted in support of or in opposition to summary judgment motions, or motions in limine which were considered by the trial court, or depositions or deposition excerpts used at trial in any way" should be subject to the compelling interest standard.
Rufer, 154 Wash.2d at 536-37, 114 P.3d 1182 (quoting Rufer's supplemental brief) (some emphasis added).
¶ 23 The Supreme Court agreed with the Rufers. First, in view of the public's broad right to the "open administration of justice," the court refused to approve a lower standard for nondispositive motions:
The basis for this disagreement, and how we must resolve it, depends upon the extent of the public's right to the open administration of justice. If we define this right narrowly to consist only of the observation of events leading directly up to the court's final decision, then arguably any documents put before the court that were not a part of that final decision would be outside of the scope of article I, section 10. Put another way, if the jury does not see it, the public does not see it. But our prior case law does not so limit the public's right to the open administration of justice. As previously noted, the right is not concerned with merely whether our courts are generating legally-sound results. Rather, we have interpreted this constitutional mandate as a means by which the public's trust and confidence in our entire judicial system may be strengthened and maintained. To accomplish such an ideal, the public mustabsent any overriding interestbe afforded the ability to witness the complete judicial proceeding, including all records the court has considered in making any ruling, whether "dispositive" or not.
Rufer, 154 Wash.2d at 549, 114 P.3d 1182 (citation omitted). Second, the Supreme Court agreed that the unused depositions were not subject to the compelling interest standard: "The one exception would be any deposition transcripts published but not used in trial or as an attachment to any motion. Both parties concede that these documents should remain sealed for good cause." Rufer, 154 Wash.2d at 550, 114 P.3d 1182. The court remanded "only to reseal any depositions that were not used in trial or used as support for any motion." Rufer, 154 Wash.2d at 551, 114 P.3d 1182.
¶ 24 In coming to this result, the court reaffirmed its observation in Dreiling that article I, section 10 "`does not speak'" to the disclosure of information surfacing during pretrial discovery that does not otherwise come before the court because such information does not become part of the court's decision-making process. Rufer, 154 Wash.2d at 541, 114 P.3d 1182, quoting Dreiling, 151 Wash.2d at 909-10, 93 P.3d 861. The core concern of the constitutional article is to guarantee the public's right to observe "the operations of the courts and the judicial conduct of judges." Dreiling, 151 Wash.2d at 908, 93 P.3d 861. The exchange of information during discovery does not implicate this concern, and thus, such information may be sealed for good cause shown. Rufer, 154 Wash.2d at 541, 114 P.3d 1182.
¶ 25 In Rufer, the court was reviewing a decision to unseal records made at the end of a completely litigated case. Much of the material designated as confidential during discovery had been filed with the court and actually considered and used by the judge in deciding motions for summary judgment, pretrial motions, and the entire array of issues that a judge decides during a trial. Except for the "unused" depositions, the material lost its character as the raw fruits of discovery and served to inform the judge's rulings. Where that occurs, the public must "be afforded the ability to witness the complete judicial proceeding, including all records the court has considered in making any *243 ruling," whether the ruling is dispositive or not. Rufer, 154 Wash.2d at 549, 114 P.3d 1182. Cf. Dreiling, 151 Wash.2d at 911, 93 P.3d 861, indicating that a document may remain confidential when it is not "part of the trial judge's record in adjudicating" a motion. (Emphasis added.)
¶ 26 The present case followed a different, but no less familiar, pattern in civil litigation. A complaint and answer were filed, a protective order was entered, the parties engaged in discovery, the plaintiff retained an expert, the defendant prepared and filed a motion for summary judgment, and the plaintiff filed a response. Because the protective order required a court order to unseal some of the documents filed in support of the motion for summary judgment, the proponent of unsealing filed a motion to remove the confidential designation. The court deferred ruling on this motion, recognizing it would not be necessary to examine the documents unless and until it became clear that the motion for summary judgment would actually be heard. As the date for the hearing on the motion drew near, the parties notified the court that they had settled the case. Because of the settlement, the court did not need to decide the motion for summary judgment or to look at any of the materials filed with the court in anticipation of the motion. In short, the civil rules worked well, as they often do, as the framework for a lawsuit that achieves the resolution of a private dispute without a judge having to read documents produced in connection with the litigation.
¶ 27 This is not a case where the judge took the summary judgment motion under advisement and determined that the sealed documents were irrelevant or inadmissible. This case settled before Judge Rogers even began to consider the motion or the materials filed in support of it. The sealed documents therefore did not become part of the record of adjudication. The sealed documents are analogous to the depositions in Rufer that were categorized as "discovery that is published (and thus technically filed) but not used at trial." Rufer, 154 Wash.2d at 540, 114 P.3d 1182 (footnote omitted). Publishing a deposition at trial means breaking the sealed envelope and making the document "available" for use by the parties or the court. Rufer, 154 Wash.2d at 540 n. 3, 114 P.3d 1182. The sealed documents at issue here were likewise technically filed, that is, they were brought to court and made available for use there by the parties or the court. But as it turned out, the parties and the court did not make any use of them. Because the sealed documents are not part of a record of an adjudication, they are not relevant to evaluating the performance of the court. The good cause standard applies, not the compelling interest standard.
¶ 28 Clark contends, however, that affirming Judge Rogers will put us at odds with this court's decision in Treseler, 145 Wash. App. 278, 187 P.3d 773. We disagree. At issue in Treseler were documents filed with the court during the pendency of a dissolution proceeding. The case was dismissed with prejudice three months after being filed, apparently because a divorce proceeding between the parties was already pending in Texas. Two years later, the husband moved to seal or redact certain documents in the court file, including the wife's petition, two temporary restraining and show cause orders against the husband, a declaration in support of the temporary restraining order, and the wife's response to the husband's motion to dismiss and exhibits. The trial court denied the motion.
¶ 29 On appeal, the husband argued that the good cause standard should be applied in considering whether to seal these documents, as was done in Rufer with the unused depositions. But unlike the unused depositions in Rufer and the sealed documents in this case, some of the documents had actually been considered by the commissioner who had entered the show cause orders. And the husband was not arguing that the challenged documents were "discovery documents of the type that potentially would be subject to sealing or redaction" on a showing of good cause under the relevant civil rules for superior court. Treseler, 145 Wash.App. at 284, 187 P.3d 773. When the husband claimed that the court did not "use" the documents, what he was really arguing was that the documents were not necessary or relevant to any decision made by the trial court. Treseler, *244 145 Wash.App. at 284-85, 187 P.3d 773. We therefore determined that the more applicable reasoning from Rufer to apply was from that court's discussion of nondispositive motions.
¶ 30 Under Rufer, "everything that passes before a trial court is relevant to the fairness of the fact-finding process, even if a document is later deemed inadmissible at trial or unsupportive of a viable claim." Treseler, 145 Wash.App. at 285, 187 P.3d 773. The same would be true with respect to otherwise confidential discovery documents to the extent they were actually considered by the court, even if the court found them irrelevant or inadmissible or ultimately made no decision. The same would likely also be true with respect to otherwise confidential discovery documents if, like in Treseler, a court was asked to seal or unseal certain documents in the court file under circumstances where the court could only speculate about whether or not the documents had ever been considered or used by a judge. There was no speculation here. Judge Rogers stated unequivocally that he "made no decision and ... never even considered the documents." Clark does not challenge this statement. The documents are not relevant to the fairness of the fact-finding process. Our conclusion that such documents are not presumptively open to the public is consistent with Treseler.
¶ 31 Amici Allied Daily Newspapers of Washington and Washington Newspaper Publishers Association argue that any document filed with a court for any reason should be presumptively open, regardless of whether or not a judge actually considers the document or a decision is actually made. According to amici, this is necessary to make sure that when discovery reveals wrongdoing of a public nature, the litigant who wishes to keep the records secret cannot do so simply by settling the case. "It is common for one party to buy the opposing party's silence by settling a controversy before it is decided. Such manipulation should not, by itself, diminish the public's right to review the parties' filings."[8] Amici argue that the better approach "is to presume that a judge reviews everything that is filed with his or her court (as to do otherwise is to shirk judicial responsibility)."[9]
¶ 32 Amici do not address the protection given by Rufer to depositions that are available at trial but not used. They say that Dreiling "is not a model of clarity."[10] But they do not persuasively explain how to reconcile their preferred result with Dreiling's statement that article I, section 10 "does not speak" to disclosure of information that does not become part of the court's decision-making process. Each sealed document in this case is like a witness subpoenaed to a trial who sits in the front row of the courtroom but is never called to testify. What the witness knows may be a matter of great public interest and curiosity. But our state constitution does not force that witness to speak.
¶ 33 As the trial court stated, the summary judgment papers in this case are not subject to the constitutional mandate for the open administration of justice. Accordingly, the court was not required to identify a compelling interest in order to maintain their sealed status. We conclude the trial court did not err by denying Clark's motion to unseal the summary judgment papers.
¶ 34 Clark's motion to unseal identifies several documents filed in court under seal as exhibits I and P to the second declaration of Wright Noel, dated May 27, 2008. The trial court did not mention these documents in the order denying Clark's motion to unseal. Without citation to the record, Clark claims they were filed in connection with a supplemental brief in support of a discovery request by plaintiff Bennett. There is no such brief in our record nor do we find a motion to compel the discovery. Part of the predicate for subjecting sealed discovery documents to examination under Ishikawa is a showing that they were "filed with the court in anticipation of a court decision." Rufer, 154 *245 Wash.2d at 549, 114 P.3d 1182. The trial court's denial of the motion to unseal is affirmed with respect to the Wright Noel documents because, as to them, Clark failed to make that showing.[11]
¶ 35 Clark suggests that there is a problem with the first stipulated protective order that allowed the parties to stamp documents as "confidential" and required them to seal such documents before filing them with the court. Clark, however, has not assigned error to the entry of the protective order, did not ask Judge Rogers to lift or modify the protective order, has not supplied the kind of record that would be necessary for conducting a review of the protective order, and does not argue on appeal that the protective order should be reversed or vacated. How to enter a proper protective order is a complex subject. See, e.g., Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir.1999), cited by Clark. On this record, we decline to undertake a critique of the initial protective order. RAP 10.3(a)(4)-(5).
¶ 36 Finally, Clark argues that the trial court failed to comply with the requirements for sealing under the general court rules and the local rules for King County. Specifically, he alleges that the court failed to make and enter written findings and keep such findings open to the public as required by GR 15(c)(2), GR 15(c)(5)(C), and GR 15(c)(4); allowed the sealing without a motion brought by either party, in violation of GR 15(c)(1) and (2) and KCLGR 15(a); failed to consider redaction as required by GR 15(c)(3); allowed an agreement by the parties to be the lone basis for sealing, in violation of GR 15(c)(2); and failed to give a clear caption to one of the December 8 orders indicating that it was an order to seal, in violation of KCLGR 15(b).
¶ 37 Clark's argument on appeal based on the court rules is largely unpreserved. Below, the thrust of Clark's motion to unseal was the constitutional argument based on article I, section 10 and Ishikawa, Dreiling, and Rufer. He made three cursory references to the rules. After discussing the fifth element of the Ishikawa standard ("Any sealing order must be limited in duration," Ishikawa, 97 Wash.2d at 39, 640 P.2d 716), Clark added, "Further, the orders must themselves be open and unsealed. GR 15(c)(5)(C). A court must consider redaction."[12] After arguing that the procedure used by the court violated the dictates of Ishikawa, Dreiling, and Rufer, he added, "The sealing procedures utilized in this case also violate KCLGR 15(a). KCLGR 15(a) provides that motions to destroy, redact or seal all or part of a civil or domestic relations court record shall be presented, in accordance with GR 15 and GR 22, to the assigned judge."[13] He argued that allowing the parties to independently seal the record by stamping each page "Confidential" violated KCLGR 15(a) as well as KCLGR 15(b), the requirement for clear captioning.
¶ 38 We decline to consider Clark's rule-based argument to the extent that he is now citing rules that he did not bring to the trial court's attention. RAP 2.5(a); Ryder v. Port of Seattle, 50 Wash.App. 144, 150, 748 P.2d 243 (1987) (An issue, theory, or argument not presented to the trial court will not be considered on appeal.). With respect to the rules Clark did cite in his trial brief, we do not find that the trial court committed error. In conformance with GR 15(c)(5)(C), the court did leave the sealing orders themselves open and unsealed. And the court did consider redaction, as evidenced by the last line of the order denying Clark's motion to unseal ("so those documents will remain in the record with certain redactions").[14]
*246 ¶ 39 Clark also misses the mark with his argument that the court violated the local rules requiring presentment of a sealing order to a judge and clear captioning of a sealing order. The stipulated protective order entered in December 2007 allowed the parties to designate documents as "Confidential" and required the filing of such documents under seal, a procedure discussed with approval in Rufer, 154 Wash.2d at 550, 114 P.3d 1182. Contrary to Clark's suggestion, the filing of sealed documents in compliance with the protective order did not amount to filing motions to seal that would implicate anew the local rule requiring a presentation to the assigned judge and a clear caption.
¶ 40 Smith Bunday, as the substantially prevailing party, is awarded costs under RAP 14.2.
¶ 41 Affirmed.
¶ 42 WE CONCUR: DWYER, C.J., and LEACH, J.
NOTES
[1] The order is at Clerk's Papers 273-74. The motion is found in docket 137, Clerk's Papers 56-76. The sealed exhibits are found in docket 140A, Clerk's Papers (sealed) at 275-94.
[2] Clerk's Papers (sealed) at 248-56.
[3] Clerk's Papers at 127-29 (Motion to Unseal).
[4] Clerk's Papers at 143 (Defendants' Response to Ed Clark's Motion to Intervene).
[5] Clerk's Papers at 231-33 (Order Granting on Motion to Intervene and Denying on Motion to Unseal).
[6] Clerk's Papers at 230, 234. The stipulated order refers to dockets 153 and 154, which are respectively Horrobin's responsive brief on summary judgment and Ed Clark's declaration. Clerk's Papers (sealed) at 295-315 and 204-226. The related sealing order directs the clerk to seal the exhibits to Clark's declaration that were mistakenly left unsealed when filed with the court on November 14. These were designated by the court to be sealed in docket 159. Clerk's Papers (sealed) at 316-22.
[7] Clerk's Papers at 231-33 (Order Granting on Motion to Intervene and Denying on Motion to Unseal).
[8] Brief of Amici at 15-16.
[9] Brief of Amici at 15. No authority is cited in support of this presumption, and amici do not address the practical implications of requiring judicial attention to each and every document filed with a court.
[10] Brief of Amici at 6.
[11] After oral argument, Smith Bunday submitted to this court a letter dated January 25, 2010, in connection with the issue of the Wright Noel documents. As noted by Clark in a motion to strike, this letter amounts to an unauthorized supplemental brief, and we have not considered it. The statement of supplemental authorities Smith Bunday submitted does not violate the Rules of Appellate Procedure.
[12] Clerk's Papers at 128 (Motion to Unseal).
[13] Clerk's Papers at 131 (Motion to Unseal).
[14] Clerk's Papers at 233 (Order Granting on Motion to Intervene and Denying on Motion to Unseal).