

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MUFFIN FAYE ANDERSON, | ) | No. 75176-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| COMCAST CABLE/XFINITY HOME SEC., | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: November 20, 2017 |

SPEARMAN, J. — An appeal is frivolous if no debatable issues are presented upon which reasonable minds might differ and it is so devoid of merit that there is no reasonable possibility of reversal. Anderson appeals several orders entered after the trial court dismissed her case against Comcast Cable/XFinity Home Security, (Comcast) on res judicata grounds. In her appeal, she reiterates her underlying claims against Comcast, but presents no facts or arguments creating a reasonable possibility of reversal of her post-judgment motions for relief.

## FACTS

Muffin Faye Anderson was a customer of Comcast. She experienced problems with her Comcast service and billing. Comcast would periodically turn

off her security system, cable, and internet. Anderson objected to the increasingly high bills for features that she contends she did not sign up for.[1]

Anderson filed a complaint in King County Superior Court on June 26, 2015. She also filed two amended complaints soon after. Anderson asserted claims for breach of contract and anticompetitive activities.

The trial court granted Comcast's motion to dismiss on October 30, 2015. The court dismissed with prejudice, finding that the doctrine of res judicata precluded Anderson's claims, and that she failed to state a claim.[2] Then, Anderson suffered a stroke on September 1, 2015 which led to hospitalization and a period of incapacity.

On February 12, 2016, the trial court denied Anderson's motion to vacate and stay her case. In the next two months, Anderson filed an additional four motions that are not at issue in this appeal. On April 8, 2016, the trial court denied Anderson's motion for a new trial. On the same day, the court denied Anderson's motion to seal medical records because "[n]o basis for sealing was stated." Clerk's Papers (CP) at 141.

Anderson then appealed numerous orders in the case. On April 19, 2016 she filed a notice of appeal of the October 30, 2015 order of dismissal, the

---

[1] Respondent includes additional facts in its appellate brief, but fails to cite to documents included in the record before this court.

[2] Respondent asserts, without citation to the record before this court, that the res judicata finding was based on the May 29, 2015 dismissal of a case brought by Anderson in small claims court making the same claims against Comcast.

No. 75176-0-I/3

February 12, 2016 denial of her motion to vacate, and the two April 8, 2016 orders denying a new trial and the motion to seal. Anderson then appealed an April 21, 2016 order denying her motion to reschedule trial.

A Commissioner of this court ruled that the appeal of the October 30, 2015 order of dismissal and the February 12, 2016 denial of the motion to vacate were untimely under RAP 5.2(a), which requires that a notice of appeal be filed in the trial court within 30 days after the entry of the decision that the party seeks to review. RAP 5.2(a). Additionally, the Commissioner denied Anderson's motion to enlarge time for a notice of appeal. The Commissioner ruled that the two April 8, 2016 orders and the April 21, 2016 order were timely appealed. Neither party sought to modify the Commissioner's ruling.[3]

## DISCUSSION

Anderson timely seeks review of three trial court orders: an order denying a new trial, an order denying a motion to reschedule trial, and an order denying a motion to seal medical records.[4] Anderson argues that Comcast breached its contract, engaged in anticompetitive activities, and that her ongoing illness made her unable to defend against Comcast's motions.

---

[3] We note that it appears that Anderson did not comply with RAP 5.1 when she failed to file in the trial court her notice of appeal of the April 8, 2015 denial of the motion to seal, or the April 21, 2015 denial of the motion to reschedule trial. But this irregularity was not raised by respondent, and respondent did not request to modify the Commissioner's ruling, so we consider both orders on appeal.

[4] In its briefing, Comcast declined to take a position on Anderson's appeal of the order denying the motion to seal and provided no argument as to why this court should affirm the order denying the motion to reschedule trial.

3

We review a CR 59(a) motion for new trial under an abuse of discretion standard. Lian v. Stalick, 106 Wn. App. 811, 823, 25 P.3d 467 (2001). It appears that the trial court considered Anderson's motion to reschedule trial as a CR 60 motion to vacate, which we also review for abuse of discretion. Barr v. MacGugan, 119 Wn. App. 43, 46, 78 P.3d 660 (2003). We also consider the denial of a motion to seal for abuse of discretion. In re Marriage of Treseler & Treadwell, 145 Wn. App. 278, 283, 187 P.3d 773 (2008).

Citing RAP 18.9(c), Comcast moves to dismiss Anderson's appeal of the order denying her motion for a new trial, arguing that it is frivolous. An appeal is frivolous if, considering the entire record, no debatable issues are presented upon which reasonable minds might differ and it is so devoid of merit that there is no reasonable possibility of reversal. In re Guardianship of Wells, 150 Wn. App. 491, 504, 208 P.3d 1126 (2009).

The trial court denied Anderson's motion for a new trial because she failed to state a basis for relief under CR 59. A CR 59 motion may be granted for irregularity in the proceedings, misconduct, accident or surprise, newly discovered evidence, excessive or erroneous damages, lack of evidence to justify the verdict, or because substantial justice has not been done. The motion must be filed within ten days after the entry of judgment. CR 59(b). In her CR 59 motion, filed more than ten months after her case was dismissed, Anderson apparently sought relief from the dismissal of her lawsuit due to res judicata. But in her motion before the trial court and her briefing to this court, she fails to

identify facts supporting a CR 59 motion, or to provide argument on any grounds for a new trial. We agree with Comcast that Anderson's appeal of this order is frivolous.

The trial court denied Anderson's motion to reschedule trial because she failed to state a basis for relief under CR 60, and because it was duplicative of motions already rejected by the Court. A CR 60(b) motion may be granted on a number of grounds, including for mistake, inadvertence, surprise, or excusable neglect. Anderson suffered a stroke on November 1, 2015, and has had limited function since then. But she sought to vacate an order entered on October 30, 2015, before her stroke. She provides no evidence of incapacity on that date. In addition, Anderson availed herself of the opportunity to oppose the October 30 order. So even with her evidence of illness and incapacity, there is no reasonable possibility of reversal on this order. We conclude that Anderson's appeal of the denial to reschedule trial is frivolous.

Finally, the trial court denied Anderson's motion to seal medical records because she did not provide a basis to seal the records. After a hearing, a court may order records sealed if it is "justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record." GR 15. In neither her motion to seal below, nor in her briefing to this court, does Anderson identify any compelling privacy or safety concerns. Accordingly, we conclude there was no error in denying the motion and that her appeal of the denial is frivolous.

No. 75176-0-I/6

We dismiss Anderson's appeal as frivolous under RAP 18.9(c).

WE CONCUR: