# NOTICE:  SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**OCTOBER 17, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ICICLE/BUNK, LLC, a Washington limited liability company, | ) ) ) | No. 39273-2-III |
| Petitioner, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| CHELAN COUNTY, a Washington municipal corporation, | ) ) ) | |
| Respondent. | ) | |

STAAB, J. — Icicle/Bunk, LLC owns a parcel of property in Chelan County containing a primary residence and an accessory dwelling unit. Since 2006, Icicle has rented both buildings as short-term rentals (STRs). In 2007, the Chelan County Code was modified to require landowners with an accessory dwelling unit to live in one of the two residential buildings as a primary residence. In 2021, the Chelan County Code was

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

modified to regulate short-term rentals and now prohibits more than one short-term rental per parcel.

After the 2021 code modification, Icicle submitted a permit application to continue operating two short-term rentals as a nonconforming use. The county denied the permit application and the hearing examiner affirmed the denial. Icicle appeals, arguing that its use of the property as two short-term rentals clearly qualifies as an existing nonconforming use under the Chelan County Code. Alternatively, Icicle argues that its specific use of two short-term rentals is protected under a vested rights provision in the Chelan County Code.

The county maintains that Icicle's proposal fails to meet the definition of a legal nonconforming use because the proposal seeks to operate more than one short-term rental per parcel and fails to comply with the requirement that the property owner use one of the residential buildings as a primary residence. In addition, the county maintains that the only protection provided by the code and common law is the protection against immediate termination, not protection against regulation. Requiring Icicle to reduce the number of buildings used for short-term rentals is a valid regulation and does not constitute a termination of use.

We agree with the county and affirm the hearing examiner's denial of Icicle's permit application.

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

BACKGROUND

Icicle/Bunk, LLC, owned by Robert and Brenda Wilbur, purchased a piece of property in Leavenworth containing two dwellings, one larger main unit and a smaller accessory dwelling unit. Both units on the property have been rented out as short-term rentals since at least 2006.

Sometime after Icicle began operating the STRs on the property, no earlier than 2007, the county passed an ordinance stating that where a property contains an accessory dwelling unit, the property owner "shall occupy either the primary unit or the accessory unit as their permanent residence." Chelan County Code (CCC) 11.88.200(5); Clerk's Papers (CP) at 46.

In September 2021, Chelan County adopted ordinances to regulate STRs, codified in Chelan County Code 11.88.290 (STR Code). CCC 11.88.290(2)(C)(iv)(a). The purpose of the STR Code was to protect the year-round residents' ability to enjoy their neighborhoods and to ensure continued access to affordable housing. CCC 11.88.290(1)(C), (D)(ii). The STR Code contained provisions allowing qualifying nonconforming properties operated as STRs to continue operating, provided they meet certain requirements. CCC 11.88.290(2)(E). Under CCC 11.88.290(2)(E)(i)(c), these requirements include compliance with CCC 11.88.290(3), which in turn prohibits more than one STR per parcel. CCC 11.88.290(3)(A)(ii).

3

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

Following the enactment of the STR Code, Icicle applied for a permit to continue renting out the two residential buildings as existing nonconforming STRs. Icicle's application for a permit was denied, and Icicle appealed the denial to the Chelan County Hearing Examiner. The hearing examiner affirmed the denial, finding that while the property may have qualified as a nonconforming use prior to the adoption of the STR Code, the provisions of CCC 11.88.290 controlled Icicle's request. The STR Code does not allow two STRs on a single parcel. Further, the hearing examiner determined that Icicle must comply with the requirements of CCC 11.88.200(5).

Icicle appeals.

ANALYSIS

1.    STANDARD OF REVIEW

In Washington, the Land Use Petition Act, ch. 36.70C RCW governs "judicial review of land use decisions made by local jurisdictions." RCW 36.70C.010. On appeal, we stand in the same position as the superior court and limit our review to the record before the hearing examiner. *Pinecrest Homeowners Ass'n v. Cloninger & Associates*, 151 Wn.2d 279, 288, 87 P.3d 1176 (2004). The party seeking relief bears the burden of demonstrating that at least one of the six grounds for relief is met. Relevant to this case, a decision will be overturned where

> (b) The land use decision is an erroneous interpretation of the law, after
> allowing for such deference as is due the construction of a law by a
> local jurisdiction with expertise;

4

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

> (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

> (d) The land use decision is a clearly erroneous application of the law to the facts.

RCW 36.70C.130(1); *see also Pinecrest Homeowners Ass'n*, 151 Wn.2d at 288.

The standard in subsection (b) is a question of law reviewed de novo. *Cingular Wireless, LLC v. Thurston County*, 131 Wn. App. 756, 768, 129 P.3d 300 (2006).

Subsection (c) requires a factual determination that we review for substantial evidence. *Id*. Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of an asserted fact. *Id*. "Our deferential review requires us to consider all of the evidence and reasonable inferences in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority." *Id*.

Finally, a "clearly erroneous" determination under (d) requires the application of the law to the facts. *Id*. It requires this court to determine whether it is "left with a definite and firm conviction that a mistake has been committed" while deferring to the hearing examiner's factual determinations. *Id*.

In addition to the standards set forth above, Icicle's challenge on appeal requires us to interpret the Chelan County Code. Statutory interpretation is a question of law reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). "The court's fundamental objective is to ascertain and carry out the

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Id.* at 9-10. We may look at the statute in question along with related statutes to discern the plain meaning of a statute. *Id.* at 10, 12.

We avoid interpretations that would lead to an absurd result or render parts of the statute superfluous. *State v. Votava*, 149 Wn.2d 178, 186-87, 66 P.3d 1050 (2003). Additionally, "[i]t is an axiom of statutory interpretation that where a term is defined we will use that definition." *United States v. Hoffman*, 154 Wn.2d 730, 741, 116 P.3d 999 (2005). "'When two statutes appear to conflict, every effort should be made to harmonize their respective provisions.'" *Leson v. State*, 72 Wn. App. 558, 563, 864 P.2d 384 (1993) (internal quotation marks omitted) (quoting *State v. Lessley*, 118 Wn.2d 773, 781, 827 P.2d 996 (1992)).

2. DENIAL OF PERMIT

Icicle argues that the hearing examiner erred in denying its permit because, under Chelan County's Short-Term Rental Code, its use of the property for two short-term rentals clearly qualifies as a legal nonconforming use that is allowed to continue even after the 2021 modifications to the Chelan County Code. We disagree. While Icicle's use of the two residential buildings is nonconforming, its application to continue operating two short-term rentals on one parcel of land does not qualify as *legally*

6

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

nonconforming and otherwise fails to comply with regulations that require the owner of the property to use one of two residential buildings as a primary residence.

We start our analysis of Icicle's issues by recognizing that nonconforming use is a principle that finds its roots in common law. *City of Univ. Place v. McGuire*, 144 Wn.2d 640, 649, 30 P.3d 453 (2001). "'A nonconforming use is a use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance, although it does not comply with the zoning restrictions applicable to the district in which it is situated.'" *Id*. at 648 (quoting *Rhod-A-Zalea & 35th, Inc. v. Snohomish County*, 136 Wn.2d 1, 6, 959 P.2d 1024 (1998)). A nonconforming use is a "vested" property right that has protections. *Van Sant v. City of Everett*, 69 Wn. App. 641, 649, 849 P.2d 1276 (1993). However, a vested right "*only* refers to the right not to have the use *immediately terminated* in the face of a zoning ordinance which prohibits the use." *Rhod-A-Zalea*, 136 Wn.2d at 6 (alteration in original).

The Chelan County Code, consistent with common law, generally defines "nonconforming" as "a lot, use, building or structure which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but which fails by reason of such adoption, revision or amendment to conform to the current requirements of the zoning district." CCC 14.98.1300.

With respect to short-term rentals, the Chelan County Code allows a nonconforming use to continue as legally nonconforming, but only if additional

7

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

conditions are met. The code indicates that a "short-term rental use shall be considered lawfully established and existing and allowed to continue to operate as a legally nonconforming use" if the owner demonstrates that they meet seven listed requirements. CCC 11.88.290(2)(E)(i). One of the requirements is that the short-term rental "meets all requirements of subsection (3) of this section." CCC 11.88.290(2)(E)(i)(c). Among various other standards, subsection three states that only one short-term rental is permitted per parcel. CCC 11.88.290(3)(A)(ii).

Another requirement to be considered legally nonconforming is that any existing county code violations must be resolved by December 31, 2022. CCC 11.88.290(2)(E)(i)(g). This includes any violations under Chapter 11 of the Chelan County Code, which, along with the requirement that only one short-term rental exists per property, also states that where a property contains an accessory dwelling unit, the property owner "shall occupy either the primary unit or the accessory unit as their permanent residence." CCC 11.88.290(4)(A)(ii), .200(5).

Under the plain language of Chelan County's short-term rental code, Icicle's proposed permit application did not meet the requirements for a legally nonconforming use. While Icicles' use may have been nonconforming, it does not meet the requirements for "legal nonconforming" use. Not only did Icicle propose to operate two short-term rentals on one parcel of property, but Icicle's proposal did not meet the requirements for permanent residency.

8

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

Icicle argues that despite these additional requirements, its nonconforming use was protected by a vested rights clause in chapter 11.97 CCC. This chapter provides that after the adoption of Title 11, nonconforming uses of property or structures may be continued but not enlarged. CCC 11.97.010, .025. A nonconforming use can also be terminated by discontinuing the use for 12 consecutive months or if the use is marijuana production or processing related. CCC 11.97.030. Icicle contends that this clause protects "perpetual nonconforming uses unless such uses are either abandoned or marijuana related." Appellant's Brf. at 18.

Icicle contends that the "use" protected by this chapter was Icicle's specific practice of renting two short-term rentals on one parcel. This argument requires us to interpret the word "use." "'Use' means the purpose or activity for which land or buildings are designed, arranged, or intended or for which land or buildings are occupied or maintained." CCC 14.98.1905. Icicle argues that this definition of "use" should be interpreted as the specific use intended by the property owner, and since its "nonconforming" use included two short-term rentals, this "use" is protected by the vested rights provisions in chapter 11.97 CCC. Icicle continues that if the county can reduce the number of buildings it uses for short-term rentals, then the county is improperly terminating one of its two short-term rentals. In support of this position, Icicle points to the Supreme Court's decision in *Wilkinson v. Chiwawa Communities Ass'n.*, 180 Wn.2d 241, 327 P.3d 614 (2014), in their reply brief.

9

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

In *Wilkinson*, the court held that a property used as a short-term rental did not violate a covenant barring commercial use of the property because the drafters of the covenants intended to permit rentals regardless of the length of the rental term, and use of a vacation home as a short-term rental did not change the nature of the use from residential to commercial. *Id*. at 252. In reaching this decision, the court noted that collective covenants are interpreted favorably, in a manner that protects the homeowners' collective interests. *Id*. at 250.

Contrary to Icicle's characterization of this decision, *Wilkinson* did not hold that short-term rentals can never be distinguished or regulated differently than a primary residence. Notably, our goal in construing an ordinance protecting a nonconforming use differs from our goal in construing a collective covenant. Unlike collective covenants, nonconforming uses are disfavored and are intended to preserve only the right not to have the use immediately terminated. *Rhod-A-Zalea*, 136 Wn.2d at 7-8. The limited protection provided by a nonconforming use is still subject to "'ordinances regulating the manner or operation of use.'" *Id*. at 9 (quoting Arden H. Rathkopf, *The Law of Zoning and Planning* § 51A.02). As the county points out, if we were to read the term nonconforming use to include the specific use of the property intended by the owner it would effectively eliminate the county's ability to regulate the nonconforming use.

Considering these distinctions, we read "nonconforming use" to mean use as a short-term rental generally as opposed to the specific manner of use. Applying this

10

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

definition to the facts in this case, we hold that CCC 11.97.010, which allows a nonconforming use to continue, means that Icicle could continue its nonconforming use of the property as a short-term rental subject to regulation on the manner or operation of use. The county ordinance allowing only one short-term rental per parcel is a regulation of the manner of use. The ordinance does not terminate Icicle's nonconforming use of the property.

Finally, in its reply brief Icicle raises constitutional issues including separation of powers, preemption, and the void for vagueness doctrine. We presume an ordinance or statute is constitutionally valid, and a party challenging constitutionality has the heavy burden of showing that it violates the constitution beyond a reasonable doubt. *Ringhofer v. Ridge*, 172 Wn. App. 318, 327, 290 P.3d 163 (2012). Moreover, a party must generally raise an issue below for it to be considered on appeal. RAP 2.5(a). Although there is an exception where a party can demonstrate a manifest constitutional error, Icicle does not argue that such an exception applies here. *Id*. Further, a party must state each of their issues in their assignments of error and argue them in their opening brief for them to be considered. *See* RAP 10.3(g); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."). Icicle has neither raised the issues in its assignments of error nor argued them in its opening brief. Accordingly, we decline to address the constitutional arguments.

11

No. 39273-2-III
*Icicle/Bunk, LLC v Chelan County*

For the foregoing reasons, we determine that the hearing examiner did not err in affirming the county's denial of Icicle's STR permit.

Affirmed.

_____
        Staab, J.

WE CONCUR:

_____
    Fearing, C.J.

_____
    Cooney, J.