IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN DOE P; JOHN DOE Q; JOHN DOE R; and JOHN DOE S, as individuals and on behalf of others similarly situated,<br><br>Respondents,<br><br>v.<br><br>THURSTON COUNTY, a municipal organization, and its departments the THURSTON COUNTY PROSECUTING ATTORNEY and THURSTON COUNTY SHERIFF,<br><br>Respondents,<br><br>DONNA ZINK, a married woman,<br><br>Appellant. | No. 85909-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — After the trial court allowed the plaintiffs to litigate in pseudonym, it directed them to file a sealed document containing their actual names (Disclosure Document). In this appeal, Donna Zink challenges a trial court decision directing that the Disclosure Document remain sealed. We hold that the record does not support the trial court's finding that continued sealing was justified by compelling privacy or safety concerns that outweighed the public interest in access to court records. Accordingly, we reverse and remand with instructions to unseal the Disclosure Document. Otherwise, we affirm.

FACTS

In 2014, Zink sent a Public Records Act (PRA)[1] request to Thurston County seeking various sex offender records, including registration records, special sex offender sentencing alternative (SSOSA) evaluations, and special sex offender disposition alternative (SSODA) evaluations. John Doe P, John Doe Q, John Doe R, and John Doe S (collectively Does) sued to enjoin the county from releasing the records. John Does P, Q, and S are level I sex offenders[2] who alleged they complied with registration requirements. John Doe R alleged he was convicted of a sex offense in juvenile court, had completed treatment, and had been relieved of the duty to register. The Does alleged that releasing the records Zink requested would cause irreparable harm because they would reveal the identity of sex offenders, like themselves, who were not statutorily required to be listed on the state's publicly available website.[3]

In January 2015, the trial court entered an order allowing the Does to litigate under pseudonyms. It later determined on summary judgment that the records Zink requested were exempt from disclosure[4] and enjoined Thurston

---

[1] Chapter 42.56 RCW.

[2] Level I sex offenders are those classified as the least likely to reoffend. *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 368, 374 P.3d 63 (2016).

[3] RCW 4.24.550(5)(a) directs the Washington Association of Sheriffs and Police Chiefs to maintain a statewide website that "shall be available to the public" and "shall post all level III and level II registered sex offenders [and] level I registered sex offenders only during the time they are out of compliance with registration requirements . . . or if lacking a fixed residence." The Does also alleged that the Uniform Health Care Information Act, chapter 70.02 RCW, exempts SSOSA and SSODA evaluations from disclosure under the PRA and that releasing SSODA evaluations of juvenile offenders violates the confidentiality requirements of chapter 13.50 RCW.

[4] The trial court determined RCW 4.24.550 mandates "permissive disclosure" of registration records but Zink did not show the records "are relevant and necessary for public safety."

County from releasing them.

Zink appealed the summary judgment order. *See John Doe P v. Thurston County*, 199 Wn. App. 280, 399 P.3d 1195 (2017) (*John Doe P* I). Division Two of our court affirmed exempting SSOSA and SSODA evaluations from disclosure under the PRA. *Id.* at 298. And it determined Zink waived her challenge to the trial court's use of pseudonyms. *Id.* at 304. But based on the Supreme Court decision in *John Doe A v. Washington State Patrol*, 185 Wn.2d 363, 383-85, 374 P.3d 63 (2016), the court concluded that sex offender registration records are not exempt from PRA disclosure. *Id.* at 283.

On remand from the Supreme Court, Division Two reversed *John Doe P* I in part, affirming its holding that sex offender registration records are not exempt from PRA disclosure but holding that SSOSA evaluations are not exempt as well. *John Doe P v. Thurston County*, No. 48000-0-II, slip op. at 2 & n.6 (Wash. Ct. App. Oct. 2, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/ D2%2048000-0-II%20Unpublished%20Opinion.pdf (*John Doe P* II).[5] Division Two also held that in light of the Supreme Court decision in *John Doe G*, 190 Wn.2d 185, 202, 410 P.3d 1156 (2018), the trial court erred by allowing the Does to litigate under pseudonyms without an *Ishikawa*[6] analysis. *John Doe P* II, slip op. at 12.

On remand from *John Doe P* II, the trial court lifted its earlier injunction except as to the SSODA evaluations. In March 2021, after applying the *Ishikawa*

---

[5] We cite to unpublished opinions under GR 14.1(c) that are necessary for a reasoned decision.

[6] *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982) (setting forth a five-step analysis for restricting access to court hearings or records).

factors, the court entered an order allowing the Does to continue litigating under pseudonyms (2021 Order).[7] The 2021 Order directed the Does to file the Disclosure Document with their real names under seal so they could be recovered at a later date. The Does complied.

Zink appealed the 2021 Order, and Division Two affirmed. *John Doe P v. Thurston County*, No. 56345-2-II (Wash. Ct. App. July 19, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056345-2-II%20Unpublished% 20Opinion.pdf. The court set the 2021 Order to expire on January 8, 2023.[8]

In September 2022, the Does moved to "redact" the Disclosure Document, which the trial court treated as a motion to allow the Disclosure Document to remain sealed. The Does also moved to dismiss the case, arguing that the trial and appellate courts had resolved all the claims and that Zink "already obtained any information she [is] entitled to in this case."

In December 2022, after a hearing, the trial court dismissed the case with prejudice. The court also allowed the Does to remain in pseudonym and ordered that the Disclosure Document remain sealed "unless the Court, after notice to all parties, proof, and hearing, has issued a subsequent order pursuant to GR 15(e)."

Zink appeals.

---

[7] The court also allowed John Doe R's mother to be identified through the pseudonym Jane Roe R.

[8] The 2021 Order initially expired after a year. The trial court extended the expiration date twice, which the parties do not challenge on appeal.

ANALYSIS

Zink argues that the trial court erred by ordering the continued sealing of the Disclosure Document. We agree.

"In determining whether court records may be sealed from public disclosure, we start with the presumption of openness." *Rufer v. Abbott Labr'ys*, 154 Wn.2d 530, 540, 114 P.3d 1182 (2005). While "[o]penness is presumptive, . . . it is not absolute." *Dreiling v. Jain*, 151 Wn.2d 900, 909, 93 P.3d 861 (2004). GR 15 sets forth generally applicable standards for sealing and redacting court records. *See* GR 15(a). Under GR 15(c)(2), a court can seal or redact a record only if "the court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record."

We review a trial court's decision to seal court records for abuse of discretion. *Bennett v. Smith Bunday Berman Britton, PS*, 156 Wn. App. 293, 302, 234 P.3d 236 (2010), *aff'd*, 176 Wn.2d 303, 291 P.3d 886 (2013). "A trial court abuses its discretion when its decision 'is manifestly unreasonable or based upon untenable grounds or reasons.' " *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 668-69, 230 P.3d 583 (2010) (quoting *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)). A trial court's decision is based on untenable grounds when it relies on unsupported facts or applies the wrong legal standard. *Id.* at 669.

Here, the trial court's 2021 findings state, in relevant part:

> The [Does] . . . established compelling privacy and safety concerns and a serious imminent threat of numerous forms of harm if their names are revealed, through their motion and . . . declarations . . . , that sufficiently outweigh the public interest and [Zink's] interest[ ] in the disclosure of the [Does]' identities.

But the record reflects that by 2019, after our Supreme Court held in *John Doe A*, 185 Wn.2d at 383-85, that sex offender registration records are not exempt from PRA disclosure, Zink was receiving yearly updates of a Washington State Patrol database identifying all level I sex offenders registered in Thurston County, including juvenile offenders. It is undisputed that Zink made the database available online and shared it with others who requested it. She also filed a part of the database below in response to the Does' 2019 motion to remain under pseudonym. Meanwhile, this court held that most of the records Zink requested from Thurston County had to be disclosed. *John Doe P* I, at 283; *John Doe P* II, slip op. at 2 & n.6. It is also undisputed that after *John Doe P* II, Thurston County began releasing the records that Zink was entitled to, including registration records identifying level I sex offenders.

In short, the information the Does sought to protect by filing their lawsuit— their identities as sex offenders—became publicly available well before their September 2022 motion to keep the Disclosure Document sealed. So, to support a finding that continued sealing of the Disclosure Document was justified by compelling privacy or safety concerns under GR 15(c)(2), the Does needed to identify privacy or safety concerns specific to their identities as the plaintiffs in this lawsuit, which is distinct from their identities as sex offenders. *See* GR 15(c)(2) (requiring findings that sealing or redaction "is justified by *identified*

compelling privacy or safety concerns that outweigh the public interest in access to the court record"[9]); *cf. John Doe AA v. King County*, 15 Wn. App. 2d 710, 720-21, 476 P.3d 1055 (2020) (observing that continued anonymity may be justified where identifying a party would obviate the very relief they seek).

The Does failed to identify such concerns. They filed most of their supporting declarations before our Supreme Court's decision in *John Doe A*, and they describe only anticipated harms associated with revealing their identities as sex offenders. Neither the Does' nor their experts' declarations explain why, given that this information was already publicly available, any compelling privacy or safety concern remained that outweighed the presumption in favor of openness and justified sealing the Disclosure Document.

Still, the Does claim that new declarations they filed in 2022 "articulat[ed] the on-going nature of their compelling safety and privacy concerns if their names were to be released in association with the lawsuit." But those declarations did not identify any separate compelling privacy or safety concerns related to their identities as *plaintiffs*. The evidence does not support the trial court's finding that the Does satisfied the requirements of GR 15(c)(2), so the trial court abused its discretion by ordering that the Disclosure Document remain sealed.[10]

---

[9] Emphasis added.

[10] The trial court analyzed the Does' request to seal the Disclosure Document under both GR 15 and *Ishikawa*. *Ishikawa* applies when sealing or redaction implicates article I, section 10 of the Washington Constitution. *See State v. S.J.C.*, 183 Wn.2d 408, 412, 352 P.3d 749 (2015) ("Whether an *Ishikawa* analysis is necessary depends on whether article I, section 10 applies."). Because we hold that the trial court erred under GR 15, we need not decide whether the trial court's decision to seal the Disclosure Document was also subject to the more rigorous *Ishikawa* analysis or whether the trial court erred in its *Ishikawa* analysis.

As a final matter, the parties' briefing in this appeal largely fails to distinguish between the trial court's decision to continue sealing the Disclosure Document and its decision to allow the Does to continue litigating in pseudonym. As much as Zink challenges the latter decision, that challenge is moot. Zink has received or will receive the records she is entitled to, no claims remain to be litigated, and the trial court dismissed the Does' lawsuit with prejudice.[11] Further, the court will now unseal the Disclosure Document. So, we need not address whether it erred by allowing the Does to remain in pseudonym. *See John Doe A*, 185 Wn.2d at 385 (holding Zink's challenge to a pseudonym order moot because she would receive the requested records revealing the true names of the parties).

We reverse the trial court's decision allowing the Disclosure Document to remain sealed and remand to unseal it. Otherwise, we affirm.[12]

Bremme, J.

WE CONCUR:

Díaz, J.                                    Birk, J.

---

[11] Zink opposed the Does' motion to dismiss below but she does not assign error to the dismissal on appeal.

[12] Because the pseudonym issue is moot and we reverse the trial court's decision allowing the Disclosure Document to remain sealed, we need not reach the rest of Zink's challenges to those decisions, including her arguments that the trial court improperly relied on hearsay and erred by not allowing her to cross-examine the declarants.